ABIGAIL BLAKE & others *vs.* GEORGE W. COLLINS.

Penobscot.   Opinion February 6, 1879.

*Trust.   Title.   Damages.*

J B and E B by their deed appearing to own in common an undivided one-half each of a tract of land containing six hundred acres, the latter gave to the former a writing signed by him, wherein he certified that J B owned seven-tenths thereof, and J B having thereafter duly acquired the title to the remaining three-tenths part; *Held*, that this certificate was a sufficient declaration of trust, as to the two-tenths part, and left E B a mere naked, passive trustee, having no interest or estate therein.

Hence, the plaintiffs, having all the rights and title that J. B. had, have sufficient title to enable them to maintain their action, for the full value of the timber cut on said tract, against the defendant, who is a wrong doer,—having no title in himself or any one under whom he claims.

ON REPORT.

Writ dated September 13, 1876.

ACTION OF TROVER, to recover the value of certain logs alleged to have been cut on lot of land, Block 20, Letter E, Aroostook county.

Plea, the general issue. ·The verdict was for the sum of $137.30. The question at issue was, whether the plaintiffs should recover for the whole or any part of the lumber cut upon the lot; and for the purpose of expediting the trial, it was agreed before argument, that the only question to be submitted to the jury should be one of damages, and that upon the testimony to be reported, the full court should determine whether the plaintiff could recover all or any part of said damages, and render judgment accordingly.   Facts in the opinion.

*D. F. Davis*, for the plaintiffs.

*J. B. Hutchinson*, for the defendant.

LIBBEY, J.   In this case a verdict was taken for the value of the timber cut by the defendant on the land claimed by the plaintiffs, and the case was reported for the determination of this court whether upon the evidence the plaintiffs are entitled to the whole or any part of the verdict.

Leave was granted to amend by adding new parties plaintiff, and the amendment was made.

It appears by the deeds, and the will of James Blake, that Joseph W. Blake had the title to eight-tenths of the land on which the timber was cut; and it appears by the evidence that he died in 1870, leaving the plaintiffs his only heirs at law.

The land in controversy is lot numbered twenty, in the half of township Letter E, Aroostook county, containing six hundred acres, and was conveyed by the state of Maine to John Blake in 1838. John Blake died, and his heirs conveyed the lot to James Blake and Elias Blake in 1844. By this deed James and Elias were tenants in common of the lot, each owning an undivided half.

February 22, 1847, Elias Blake gave to James a certificate, by him signed, declaring that James owned four hundred and twenty acres of the lot; two-tenths, or one hundred and twenty acres, undivided, which it appeared by their deed was owned by Elias.

Elias Blake died, and in 1849 his widow, as administratrix on his estate, by virtue of a license from the judge of probate authorizing her to sell the real estate of her intestate, sold and conveyed to James Blake three-tenths of the lot, which it appeared by said deed and certificate was owned by said Elias at the time of his death.

The main contention between the parties is as to the plaintiffs' rights in the two-tenths not embraced in the deeds to James Blake.

What effect has the certificate of Elias Blake upon the rights of the parties? Is it a sufficient declaration by Elias that he holds the two-tenths, or one hundred and twenty acres covered by his deed, in trust for James? By his deed it appears that he owned it. By this writing he declared that James owned it.

To show a declaration of a trust no formal writing is required. Any writing, however informal, from which the existence of a trust in the estate and the terms of it can be sufficiently understood, whether it was intended by the signer as such or not, is sufficient. *McLellan* v. *McLellan*, 65 Maine, 500.

We think this writing a sufficient declaration of trust by Elias

in favor of James, and that Elias was a mere naked, passive trustee, having no interest in the estate and no duty to perform in regard to it.

Under the statute of uses, 27 Henry VIII, c. 10, which is a part of the common law of this state, by such a declaration of trust, the fee passes directly to the *cestui que trust.* He has the right to the possession and control of the estate and may convey it in fee. Even at law the trustee cannot maintain a writ of entry against him for the land. *Sawyer* v. *Skowhegan,* 57 Maine, 500. *French* v. *Patterson,* 61 Maine, 203.

The defendant is a mere wrong-doer. He shows no title in himself or anyone under whom he claims. We think it clear that the plaintiffs, having all the rights and title that James Blake had, have sufficient title to enable them to maintain their action for the full value of the timber.

*Judgment on the verdict.*

WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.